# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Bridgette Jones, | ) |
| Petitioner, | ) Case No. 1:13-CR-003-002 |
| vs. | ) |
| United States of America, | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court on Petitioner Bridgette Jones's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 115). For the reasons that follow, Petitioner's motion to vacate, set aside or correct sentence is not well-taken and is **DENIED.**

### I. Factual and Procedural Background

Petitioner entered into a written plea agreement with the government in which she agreed to plead guilty to Counts 1 and 27 of the indictment. Count 1 charged Petitioner with conspiracy to submit false claims in violation of 18 U.S.C. § 286. Count 2 charged Petitioner with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The charges arose from a conspiracy among Petitioner and co-Defendants Ellis Maurice Scott, LaTasha Hampton, and Marnay Love to submit false income tax returns to the Internal Revenue Service using stolen identities. The presentence report indicated that Petitioner and Scott prepared and filed false income tax returns and that they used Hampton and Love to cash the refund checks on their behalf.

1

In the statement of facts accompanying the plea agreement, Petitioner agreed that the intended loss from the conspiracy was over $650,000 and that the actual loss to the United States was $477,000. Additionally, during the change of plea colloquy Petitioner agreed that the plea agreement accurately stated the intended and actual loss figures from the conspiracy. Doc. No. 113, at 47-48, 54-55. Petitioner also conceded that she did not have any evidence to dispute the government's loss calculation. Id. at 51-52.

A conviction for aggravated identity theft carries with it a mandatory two-year term of imprisonment that must be served consecutive to any other count of conviction. 18 U.S.C. §§ 1028A(a)(1) & (b)(2). In calculating the advisory Sentencing Guidelines imprisonment range on the conspiracy count, the probation officer applied U.S.S.G. § 2B1.1. Applying the 2012 Sentencing Guidelines manual, the probation officer assigned a base offense level of 6, a 14-level increase because the loss from the conspiracy was more than $400,000, and a 4-level increase because the offense involved 50 or more victims. The probation officer then gave Petitioner a 3-level decrease for acceptance of responsibility and entering a timely plea. The final offense level was 21. Petitioner's criminal record put her in Criminal History Category III. The advisory sentencing range, therefore, was 46 to 57 months of imprisonment.

Petitioner's trial counsel offered two objections to the presentence report. First, counsel argued that Category III over-represented the seriousness of Petitioner's criminal history. Second, counsel objected to the probation officer's determination of the number of victims involved in the offense. In this regard, Petitioner argued that there were only between 10 and 49 victims of the offense, as the parties stipulated in the plea agreement. Counsel also filed a sentencing memorandum asking the Court to downwardly depart from

2

the advisory Guidelines range because the Guidelines overstated the seriousness of her criminal history. Counsel also urged the Court to downwardly vary from the advisory Guidelines range based principally on her personal history and characteristics. At no time did counsel object or contend that the advisory sentencing range was calculated incorrectly due to the loss attributable to Petitioner's criminal conduct.

During the sentencing hearing, the Court gave Petitioner the benefit of her plea agreement as to the number of victims involved in the offense. The Court, however, rejected Petitioner's contention that her criminal history score was overstated. The Court reduced Petitioner's offense level from 21 to 19 to account for the change in the number of victims. This reduction produced an advisory sentencing range of 37 to 46 months of imprisonment. The Court sentenced Petitioner to 37 months of imprisonment on the conspiracy count and the mandatory 24-month consecutive sentence on the aggravated identity theft count, for a total sentence of 61 months of imprisonment. Petitioner did not appeal the sentence imposed by the Court.

Petitioner now claims in her § 2255 motion that her trial counsel was ineffective for not challenging the loss amount used to calculate her advisory sentencing range. Petitioner's motion has two assignments of error, but they both seem to contend that trial counsel should have argued that she should have been held responsible only for the loss caused by her individual conduct instead of the loss caused by the entire conspiracy. Petitioner also contends that counsel was ineffective for not arguing for a variance from the Guidelines range on the ground that the fraud guideline produces sentences greater than necessary to achieve the goals of sentencing. Petitioner claims that her trial counsel should have challenged the government's loss calculation methodology and, had he done

3

so the loss figure used to calculate the advisory sentencing range would have been substantially lower.

## II. Standard of Review

To warrant relief under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Petitioner is entitled to an evidentiary hearing on her claims unless the record conclusively establishes that she is not entitled to relief. Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003). The Court concludes that the record conclusively establishes that Petitioner is not entitled to relief. Therefore, she is not entitled to an evidentiary hearing on either of her claims.

## III. Analysis

To prevail on her ineffective assistance of counsel claims, Petitioner must establish two elements: 1) counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. There is, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Petitioner's § 2255 motion is based on counsel's alleged ineffectiveness in failing to

4

challenge the amount of loss used to calculate her advisory Guidelines sentencing range. Petitioner's motion is without merit.

First, the relevant conduct provisions of the Sentencing Guidelines hold the defendant responsible for the entire loss caused by jointly undertaken criminal activity such as a conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). The Application Notes give an example of the proper application of § 1B1.3 that is directly applicable in this case:

> Defendants F and G, working together, design and execute a scheme to sell fraudulent stocks by telephone. Defendant F fraudulently obtains $20,000. Defendant G fraudulently obtains $35,000. Each is convicted of mail fraud. Defendants F and G each are accountable for the entire amount ($55,000). Each defendant is accountable for the amount he personally obtained under subsection (a)(1)(A). Each defendant is accountable for the amount obtained by his accomplice under subsection (a)(1)(B) because the conduct of each was in furtherance of the jointly undertaken criminal activity and was reasonably foreseeable in connection with that criminal activity.

U.S.S.G. § 1B1.3, Application Note 2(c)(2). In other words, in a conspiracy, if the co-defendant's conduct was reasonably foreseeable, the relevant conduct provisions state that the defendant is responsible for the loss caused by the entire conspiracy and not just the loss caused by her individual conduct. United States v. Brown, 147 F.3d 477, 485 (6th Cir. 1998) ("It is clear under U.S.S.G. § 1B1.3(a)(1)(B) that a conspirator is liable for the acts and omissions of his co-conspirators that are reasonably foreseeable and in furtherance of the conspiracy."). Consequently, pursuant to § 1B1.3, Petitioner is responsible for the loss she caused as well as the reasonably foreseeable losses caused by her co-conspirators.

It is not entirely clear, but Petitioner may be suggesting that she was not a participant in the full scope of the conspiracy. See United States v. Campbell, 279 F.3d 392, 400 (6th Cir. 2002) (holding that in applying the relevant conduct guidelines, the

sentencing court must determine the scope of the criminal activity the particular defendant agreed to jointly undertake).  The statement of facts accompanying Petitioner's plea agreement, however, specifically indicates that she participated in the conspiracy to defraud the Internal Revenue Service from the beginning and acted in concert with Ellis Maurice Scott and others throughout the course of the conspiracy to file false tax returns and obtain tax refunds to which they were not entitled:

> Beginning in or about January 2011, and continuing until on or about August 2012, within the Southern District of Ohio, BRIDGETTE JONES ("JONES"), Ellis Maurice Scott, Latasha Hampton, Marnay Love, Dione Howard and others unlawfully and knowingly agreed, combined and conspired with each other to defraud the United States, specifically the Internal Revenue Service ("IRS"), by electronically filing, in the names of others, false 2010 and 2011 federal income tax returns claiming at least $654,550 in refunds to which they knew they were not entitled.

Doc. No. 49, at 11.  It is well-established that the sentencing court may enhance the defendant's sentence based on facts to which she admitted in her plea agreement. United States v. Ashiq, 307 Fed. Appx. 913, 916-17 (6th Cir. 2009) (collecting cases).  Moreover, Petitioner conceded during her plea colloquy that she did not have any evidence to contest the government's loss calculation.

In summary, the facts and evidence before the Court at the time of sentencing incontrovertibly established that the loss caused by Petitioner's relevant conduct was more than $400,000 and that, therefore, a 14-level enhancement applied.  Therefore, Petitioner's trial counsel was not ineffective for not contesting the amount of loss used to calculate her advisory Sentencing Guidelines range.

Second, Petitioner's trial counsel was not ineffective for not arguing for a downward variance based on a policy disagreement with the Guidelines for fraud offenses.  The trial court is never required to downwardly vary based on a policy disagreement with the

Sentencing Guidelines.  United States v. Morelock, 369 Fed. Appx. 681, 688 (6th Cir. 2010).  Moreover, as the government points out in its memorandum, Petitioner's trial counsel did move for a downward variance based on her history and personal characteristics.  This was a viable and targeted argument for a variance that was more likely to be successful than simply relying on the Court to disagree as a policy matter with the sentences produced by the fraud guidelines. See, e.g., Evans v. United States, No. 14-3092, 2014 WL 2766629, at *1 (6th Cir. June 6, 2014) (rejecting petitioner's Strickland claim because trial counsel reasonably focused on a specific ground for departure "rather than a more general policy-based argument that the district court would have been free to reject").  Additionally, in order to demonstrate prejudice under Strickland, Petitioner would needs to show that there is a reasonable probability that the Court would have downwardly varied from the Guidelines sentencing range based on a policy disagreement with the Sentencing Guidelines.  Petitioner has made no such showing in this case.

Third, and finally, Petitioner argues that trial counsel was ineffective for not arguing that the loss caused by her criminal conduct was between $70,000 and $120,000.  This is essentially a rehash of Petitioner's first assignment of error.  As just discussed, however, there was no basis for Petitioner's trial counsel to argue that the loss from her relevant conduct was less than the loss indicated in her plea agreement and the presentence report.

7

Conclusion

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence **(**Doc. No. 115) is not well-taken and is **DENIED.**

2. A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473 (2000), Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

3. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Date March 16, 2015            s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge